UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEN COPELAND, <br><br> Plaintiff, <br><br> v. <br><br> MACY'S, INC., <br><br> Defendant, | CASE NO. C19-6058-BHS-MAT <br><br> REPORT AND RECOMMENDATION |

INTRODUCTION

Plaintiff Carmen Copeland proceeds pro se in this civil matter removed to this Court by defendant Macy's, Inc. ("Macy's"). Defendant now moves for summary judgment or, alternatively, to compel arbitration. (Dkt. 12.) Plaintiff did not respond to the motion. The Court, having reviewed the motion and supporting declarations, along with the remainder of the record, finds defendant entitled to summary judgment and dismissal of plaintiff's claims.

PROCEDURAL BACKGROUND

In September 2019, plaintiff filed a civil action against defendant in Clark County Superior Court. (Dkt. 1-1.) In the complaint, plaintiff alleged "underpaid and unpaid work, personal injury

REPORT AND RECOMMENDATION
PAGE - 1

resulted from physical overworking that I had to do during my employment with Macy's, psychological ongoing distress and results of all this until this date." (*Id*. at 4.) She explained her claims as follows: "Under allowed emigration excuses, Macy's policies were specifically implemented to collect unpaid, underpaid work from me that I was subject to foreigner, labeled and manipulated through lies of Macy's representatives to give valuable work, never paid to me, where I was subject to physical and psychological abuse, harassments." (*Id*. at 5.)

In November 2019, defendant removed the matter to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant subsequently filed the motion currently under consideration. (Dkt. 12.) Defendant notes plaintiff assented to arbitrate any disputes relating to her employment and, in fact, already had her claims decided on the merits in an arbitration proceeding. (*See* Dkts. 12-15.) Plaintiff did not respond to defendant's motion and has not otherwise engaged in this action since its removal from state court.[1]

## FACTUAL BACKGROUND

Macy's utilizes a four-step early dispute resolution process for its employees called the Solutions InSTORE (SIS) Program. (*See* Dkt. 14 (Decl. of Cynthia Ripak), Ex. A.) This process provides for (1) an initial complaint at the supervisor/local management level; (2) a written request for investigation and review by a senior-level human resources professional; (3) a written request for reconsideration by either the Office of Solutions InSTORE (SIS Office), in Cincinnati, Ohio, or a peer review panel, depending on the nature of the issue; and (4) binding arbitration. (*Id*., ¶9.) Macy's is bound by the decisions made at any of the first three steps, while an employee may

---

[1] Defendant indicated in its status report and discovery plan that plaintiff had not responded to any of defendant's multiple attempts to communicate regarding the submission of a joint status report. (Dkt. 10 at 1.) Given the absence of any response to defendant's pending motion or other submissions from plaintiff beyond the complaint, the Court herein presents the facts underlying plaintiff's claims as set forth in the material presented by defendant.

REPORT AND RECOMMENDATION
PAGE - 2

appeal any decision at those steps or may proceed directly to the fourth and final step of arbitration. (*Id*., ¶11.)

Employees may opt out of the arbitration portion of the SIS program by completing a one-page election form and mailing it, within thirty days from the date of hire, to the SIS Office. (*Id*., ¶¶9-10.) Macy's provides information to "new hires" about the SIS Program, the right to opt out of arbitration, and the effect of the decision to not opt out in a "Plan Document", "New Hire Brochure", the opt-out election form, and a "New Hire Acknowledgement", as well as in a poster in Macy's stores, an orientation video, and on a website. (*Id*., ¶20 and Exs. A-F.)

Plaintiff was hired at Macy's Vancouver, Washington store on May 17, 2016 and remained employed there through February 26, 2017. (*Id*., ¶19.) She was shown the orientation video discussing the SIS program and acknowledged receipt of the SIS New Hire Acknowledgment form with an electronic signature on the date of her hiring. (*Id*., ¶20 and Exs. E & G; Dkt. 15 (Decl. of Barry Sherrick), ¶¶13, 15 and Exs. G & H.) She did not return an election form opting out of the arbitration portion of the SIS program. (Dkt. 14, ¶29.)

Plaintiff did, however, later contact the SIS Office to utilize the second, third, and fourth steps of the SIS program. (*Id*., ¶33.) In a February 12, 2019 Demand for Arbitration form, plaintiff described the nature of her claim as follows: "Noncompensation according to my real qualifications and work I performed during my time of empl. 2016-2017." (Dkt. 13 (Decl. of Dan Niski), ¶4 and Ex. 1.) In a letter accompanying the form, plaintiff stated she had suffered health issues, stress, financial harm, and other issues "under false status of emigrant label of bad category," and was owed, along with other losses and costs, "$170/hour[.]" (*Id*., Ex. 1 (also stating: "I suffered us, Macy's employees of all levels as well as the customers severe hate, labels into a hateful foreigner/emigrant/category with zero interest in the person that I was, I am and as

REPORT AND RECOMMENDATION
PAGE - 3

a human.")) The parties subsequently agreed to an arbitrator and, on July 2, 2019, Macy's moved to dismiss plaintiff's claims. (*Id.*, ¶¶5-6.) Plaintiff responded to the motion and, on July 17, 2019, the arbitrator entered an order dismissing plaintiff's claims. (*Id.*, ¶¶7-8.) The arbitrator concluded plaintiff had not "established the basis for her claim, either for unpaid wages, employment discrimination or any other cause cognizable in law or subject to the terms of employment as set forth in the Macy's employment manual." (*Id.*, Ex. 2.) He dismissed the matter for failure to state a claim on which relief could be granted.

## DISCUSSION

Defendant seeks dismissal on summary judgment or, alternatively, to compel arbitration. The evidence before the Court establishes plaintiff agreed to resolve her employment-related disputes through arbitration[2] and that she engaged in and completed that process prior to filing her complaint. (*See* Dkt. 13, ¶¶4-8 and Exs. 1 & 2; Dkt. 14, ¶¶20, 29, 33 and Exs. E & G; Dkt. 15, ¶¶13, 15 and Exs. G & H.) The Court, for the reasons set forth below, finds the current matter barred by the preclusive effect of the binding arbitration decision and therefore subject to dismissal on summary judgment.

A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue of material fact and the

---

[2] Plaintiff did not contend otherwise in the current matter and there is no indication she raised this issue prior to or during the arbitration proceeding. (*See* Dkt. 1-1 and Dkt. 13, Exs. 1-2.) Also, courts have repeatedly found the SIS arbitration provision enforceable. *See, e.g., Tillman v. Macy's, Inc.*, 735 F.3d 453, 456-61 (6th Cir. 2013); *Davis v. Macy's Retail Holdings, Inc.*, No. C17-1807, 2018 U.S. Dist. LEXIS 160702 at *7-14 (D. Conn. Sep. 19, 2018); *Crawley v. Macy's Retail Holdings, Inc.*, No. 15-2228, 2017 U.S. Dist. LEXIS 80541 at *10-15 (S.D.N.Y. May 25, 2017); *Allen-White v. Bloomingdale's, Inc.*, 225 F. Supp. 3d 254, 258-60 (D. N.J. 2016); *Teah v. Macy's Inc.*, No. 11-1356, 2011 U.S. Dist. LEXIS 149274 at *10-15 (E.D.N.Y. Dec. 29, 2011); *Burnett v. Macy's West Stores, Inc.*, No. 11-01277, 2011 U.S. Dist. LEXIS 116479 at *6-9 (E.D. Cal. Oct. 7, 2011); *Quevedo v. Macy's, Inc.*, 798 F. Supp. 2d 1122, 1134-35 (C.D. Cal. 2011).

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of showing the district court an absence of evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325. The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co.*, 475 U.S. at 585-87. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). A mere scintilla of evidence does not suffice to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Nor can the nonmoving party rely on allegations in the complaint or unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

B. <u>Collateral Estoppel and Res Judicata</u>

Macy's argues plaintiff's suit is precluded under the doctrines of collateral estoppel and res judicata. Res judicata, or claim preclusion, is intended to prevent relitigation of an entire cause

of action. *Christensen v. Grant County Hosp.*, 152 Wn.2d 299, 306, 96 P.3d 957 (2004). Collateral estoppel, or issue preclusion, bars relitigation of particular issues in a subsequent proceeding involving the same parties. *Id*. at 306. Where the requirements for their application are satisfied, res judicata and collateral estoppel apply to decisions reached in arbitration. *See Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992); *Robinson v. Hamed*, 62 Wn. App. 92, 96-98, 813 P.2d 171 (1991) ("[I]t is well settled that in an appropriate case the decision in an arbitration proceeding may be the basis for collateral estoppel or issue preclusion in a subsequent judicial trial.") Because the Court's jurisdiction in this case is founded on diversity of citizenship, the court applies the preclusion law of the forum state. *Jacobs v. CBS Broad., Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002).

Pursuant to Washington law, res judicata "prohibits the relitigation of claims and issues that were litigated, or could have been litigated, in a prior action." *Pederson v. Potter*, 103 Wn. App. 62, 67, 11 P.3d 833 (2000) (citing *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 887 P.2d 898, 900 (1995) (en banc)). Specifically, res judicata bars a subsequent action where the prior judgment is a final judgment on the merits, and the prior and subsequent actions have identical (1) persons and parties, (2) causes of action, (3) subject matter, and (4) quality of persons for or against whom the claim is made. *Id.* In considering whether two actions are identical, Washington courts consider:

> "(1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."

*Rains v. State*, 100 Wn.2d 660, 664, 674 P.2d 165 (1983) (quoting *Costantini v. Trans World*

*Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

Collateral estoppel "prevents a party from relitigating issues that have been raised and litigated by the party in a prior proceeding." *Clark v. Baines*, 150 Wn.2d 905, 912-13, 84 P.3d 245 (2004). Under Washington law, application of collateral estoppel requires proof of the following:

> (1) the issue in the prior and current action is identical, (2) the prior action ended in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action, and (4) the application of collateral estoppel would not work an injustice.

*Afoa v. Port of Seattle*, 191 Wn.2d 110, 131, 421 P.3d 903 (2018) (citing *Christensen*, 152 Wn.2d at 326). All four elements must be satisfied for collateral estoppel to apply. *Clark*, 150 Wn.2d at 913.

As in the arbitration proceeding, plaintiff here alleges she was not properly compensated/ underpaid for work performed, was labeled a foreigner, and suffered financial, physical, and psychological harm. (*See* Dkt. 1-1 at 4-5 and Dkt. 13, Ex. 1.) The arbitration proceeding concluded with an order of dismissal based on the failure to state a claim, resulting in a final decision on the merits. *See Steward v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("[A] dismissal for failure to state a claim under Rule 12 (b)(6) is a 'judgment on the merits' to which res judicata applies."). The arbitration proceeding and the current lawsuit involve the same subject matter, causes of action, and parties, and the parties are bound by the judgment reached in arbitration. The rights and interests established in the prior judgment favorable to Macy's would be impaired by this litigation, the same evidence would be at issue, plaintiff alleges infringement of the same rights, and the suits arise out of the same facts. Plaintiff's claims are therefore barred by res judicata.

REPORT AND RECOMMENDATION
PAGE - 7

Collateral estoppel likewise applies. Again, plaintiff and Macy's were parties to the arbitration, which ended with a final decision on the merits. The issue to be decided – whether Macy's is liable for the alleged unpaid/underpaid work and other work-related injuries – is also identical to the issue at arbitration. Finally, application of collateral estoppel would not work an injustice. This final element "focuses primarily on whether the prior adjudication offered a full and fair hearing on the issue." *Robinson*, 62 Wn. App. at 100. The evidence before the Court shows the arbitrator provided the parties the opportunity to conduct discovery, that Macy's moved to dismiss plaintiff's claims, as permitted by the arbitration agreement (*see* Dkt. 14, Ex. A at 13-14), and that plaintiff was afforded the opportunity to and did respond to the dispositive motion. (Dkt. 13, ¶¶6-7 and Ex. 2 ("Claimant's response [to the motion for dismissal] adds no new information to the claims made thus far, and sheds no light on the basis in law, in support of her claims.")) Plaintiff was, as such, afforded a full and fair hearing in relation to her claim, establishing all four elements necessary for the application of collateral estoppel.

The Court, in sum, finds plaintiff's claims in this matter barred by both res judicata and collateral estoppel. Plaintiff's claims are therefore properly dismissed on summary judgment. Because this matter is subject to dismissal, the Court declines to address defendant's alternative request to compel arbitration.

## CONCLUSION

For the reasons set forth above, defendant's Motion for Summary Judgment (Dkt. 12) should be GRANTED. The dismissal should be with prejudice.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and

REPORT AND RECOMMENDATION
PAGE - 8

Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 10, 2020**.

DATED this 19th day of June, 2020.

Mary Alice Theiler
United States Magistrate Judge